UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 12-289

ABDUL HAFEEZ                                SECTION: "S" (5)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Abdul Hafeez's Motion to Correct and Reduce Sentence Based on Clear Error under Rule 35(a) of the Federal Rules of Criminal Procedure (Doc. #62) is **DISMISSED FOR LACK OF JURISDICTION.**

BACKGROUND

On January 3, 2013, defendant, Abdul Hafeez, pleaded guilty to a one-count Bill of Information in which he was charged with conspiracy to defraud the United States in violation of 18 U.S.C. § 371.  In the plea agreement and factual basis, Hafeez and the government agreed that for the purposes calculating Hafeez's sentence under the United States Sentencing Guidelines, the combined tax loss caused by Hafeez's participation in the tax fraud scheme was no more than $173,278.89, and no less than $80,001.00.  Hafeez and the government further agreed that the amount of restitution Hafeez owed to the government was $153,939.85.

After reviewing the presentence investigation report, the court applied the United States Sentencing Guidelines in accordance with the parties' agreements regarding the amount of the tax loss to the United States and Hafeez's minor role in the offense.  Hafeez's offense level was 12, and his criminal history category was I, indicating, 10 to 16 months imprisonment, 1 to 3 years supervised release, and a $3,000 to $30,000 fine.

On July 25, 2013, Hafeez was sentenced to serve 10 months in the custody of the Bureau of Prisons, followed by a 3 year term of supervised release. Hafeez was also ordered to pay a fine in the amount of $30,000, plus interest, and restitution in the amount of $153,939.85, plus interest.

On August 5, 2013, Hafeez filed a Motion to Correct and Reduce Sentence Based on Clear Error under Rule 35(a) of the Federal Rules of Criminal Procedure. Hafeez also filed a notice setting the motion for hearing on August 22, 2013. Hafeez argues that his sentence was erroneous because it resulted from an improper application of the United States Sentencing Guidelines. Specifically, Hafeez argues that under the United States Sentencing Guidelines, the government's tax loss was $69,308.92, which would have resulted in an offense level of 10, a criminal history category of I, indicating 6 to 12 months imprisonment, 1 to 3 years supervised release and a $2,000 to $20,000 fine. Hafeez argues that a sentence of imprisonment would be inappropriate with that guideline range, and requests a sentence of ten months at the Volunteers of America Comprehensive Sanction Center or home confinement. The government opposes the motion.

**ANALYSIS**

Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Advisory Committee Notes on this rule state that:

> The authority to correct a sentence under [subdivision (a)] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . The subdivision is not intended to afford the court the opportunity to reconsider the application or

2

> interpretation of the sentencing guidelines or for the court to simply change its mind about the appropriateness of the sentence.

FED. R. CRIM. P. 35 ADVISORY COMMITTEE NOTES.  Further, the Advisory Committee notes state that an order entered under Rule 35(a) correcting a sentence must be entered within the fourteen-day period "so that the appellate process (if a timely appeal is taken) may proceed without delay and with without jurisdictional confusion." Id.

The United States Court of Appeals for the Fifth Circuit has held that the fourteen-day period for correcting a sentence pursuant to Rule 35(a) is "jurisdictional and strictly construed." United States v. Coe, 482 Fed. Appx. 957 (5th Cir. 2012) (citing United States v. Lopez, 26 F.3d 512, 518-23 (5th Cir. 1994)).  Regardless of whether the court "acts on its own or on the suggestion or motion of a party, the court may only act within fourteen days after the oral announcement of a sentence." 3 CHARLES A. WRIGHT AND SARAH N. WELLING, FEDERAL PRACTICE AND PROCEDURE § 613 (4th ed. 2011); see also United States v. Green, 405 F.3d 1180 (10 th cir. 2005) (district court lacked jurisdiction to resentence defendant under Rule 35(a) after the time prescribed in the rule elapsed although the defendant moved for resentencing within that time).

In this case, Hafeez was sentenced on July 25, 2013, and he moved for resentencing under Rule 35(a) within fourteen days, on August 5, 2013, but set that motion for a hearing on August 22, 2013.  For this court to have jurisdiction to resentence Hafeez under Rule 35(a), the resentencing would have had to have occurred by August 8, 2013, which it did not.  Therefore, the court lacks jurisdiction to act upon Hafeez's Rule 35(a) motion, and the motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Abdul Hafeez's Motion to Correct and Reduce Sentence Based on Clear Error under Rule 35(a) of the Federal Rules of Criminal Procedure (Doc. #62) is **DISMISSED FOR LACK OF JURISDICTION.**

New Orleans, Louisiana, this  21st day of August, 2013.

*(signature)*
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**